UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

GARRY LEE HALE,

        Plaintiff,        Case No. 1:17-cv-550

v.        Honorable Paul L. Maloney

LUIS GAGO et al.,

        Defendants.
_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

Plaintiff Garry Lee Hale, a prisoner incarcerated at Carson City Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $400.00 civil action filing fee applicable to those not permitted to proceed *in forma pauperis* within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $400.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's

request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d

596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan. In at least three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that they were frivolous or failed to state a claim. *See Hale v. Schaefer et al.*, No. 4:98-cv-148 (W.D. Mich. Nov. 24, 1998) (failure to state a claim); *Hale v. McGinnis et al.*, No. 2:96-cv-73193 (E.D. Mich. Aug. 30, 1996) (frivolous); *Hale v. McGinnis et al.*, No. 1:96-cv-518 (W.D. Mich. Oct. 24, 1996) (frivolous). Plaintiff also has been denied leave to proceed *in forma pauperis* in at least one other case. *See Hale v. Fowler et al.*, No. 1:00-cv-767 (W.D. Mich. Oct. 26, 2000).

Moreover, Plaintiff's allegations do not fall within the exception to the three-strikes rule. The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation

marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Here, Plaintiff complains that, on September 9, 2016, Defendant Gago performed cataract surgery on Plaintiff's left eye. According to the medical reports attached to the complaint, which Plaintiff incorporates by reference (*see* Compl., ECF No. 1, PageID.4), Dr. Gago also placed an I-stent to treat Plaintiff's glaucoma. (Attach. to Compl., ECF No. 1-1, PageID.24, 31.) Plaintiff believes that the surgery and I-stent caused further impairment to his left eye. He states that he has blurry and yelllowish vision, and continuing pain in his eye. He also complains that Defendant Optometrist Kolk, who saw him on October 10, 2016, has provided him an improper vision prescription and that his glasses do not work as well as he believes they should. Defendant Gago examined him again on December 9, 2016, indicating that his vision was better than before surgery, but he provided Plaintiff with additional eyedrops. (*Id.*, PageID.24-26.) In addition, according to the attachments to the complaint, Optometrist Linsley saw Plaintiff on February 28, 2017, and Dr. Kolk also saw Plaintiff again on March 21, 2017, providing new prescription lenses, despite only a minor change to the prescription.[1] (*Id.*, PageID.31-38.) In addition, makes a series of conclusory

---

[1]The Court notes that Plaintiff's incorporated medical records indicate that Plaintiff has continued to wear prescription glasses that he obtained from an outside vendor, which were made with the wrong prescription, rather than use the new prescriptions he received from the prison provider. (*See* Attach. to Compl., ECF No. 1-1, PageID.20, 33,

allegations against Defendant Nurse Stevens, alleging that she engaged in an intentional pattern of medical abuse and racial discrimination. His only factual allegation is that Defendant Stevens allegedly told the property room to confiscate Plaintiff's personally purchased, tinted bifocals, in exchange for non-tinted bifocals from the facility.

All of Plaintiff's allegations concern past actions. By his own admissions and attachments, Plaintiff has been seen and treated regularly for his eye ailments. Absolutely nothing suggests that he is at risk, much less imminent risk, of serious future physical injury. *Vandiver*, 727 F.3d at 585.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $400.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $400.00 filing fee.

Dated:   July 12, 2017                       /s/ Paul L. Maloney
                                                              Paul L. Maloney
                                                              United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

---

35, 38.) Apparently, Plaintiff refuses to use the facility-prescribed lenses for various reasons, despite having been instructed about their use. Plaintiff had requested and received solar shields for his glasses on October 11, 2016. (*Id.*, PageID.23.) He apparently thinks the prison glasses and shields are "cheap plastic." (Compl., ECF No. 1, PageID.8.)